**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE. NO. 19-CR-356-RDM |
| | : | |
| | : | |
| **DAVID HARRIS,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**EMERGENCY MOTION FOR RELEASE FROM CUSTODY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defense's emergency motion for release from custody in this matter. In support of this motion, the government submits as follows.

**PROCEDURAL HISTORY**

On August 1, 2019, the Defendant was charged via complaint with Distribution of Child Pornography in violation of 18 U.S.C. Section 2252(a)(2), a violent offense that carries a five year mandatory minimum penalty upon conviction. He made his initial appearance before this court on August 6, 2019. On August 9, 2019, the parties continued the preliminary hearing but held a hearing regarding the Defendant's continued detention. Following that detention hearing, U.S. Magistrate Judge Harvey held the Defendant without bond pending disposition. The Defendant subsequently filed a motion for reconsideration of that order of detention, which was denied. On November 8, 2019, the Defendant pled guilty before your Honor to one count of Distribution of Child Pornography pursuant to a written plea agreement. That plea agreement inter alia provides that "your client does not object to the Government's recommendation to the Court at the time of the plea of guilty in this case that your client be detained without bond pending your client's sentencing in this case pursuant to 18 U.S.C. Section 3143." Your Honor ordered the Defendant

6

held pending sentencing, and the Defendant is still held pending sentencing in this case. Today, on March 19, 2020, the defendant filed the instant motion for review of the order of detention, styled as a motion for emergency release, citing the outbreak of COVID-19 in the Washington, D.C. area.

## APPLICABLE LEGAL STANDARD

Distribution of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2), is an offense described in 18 U.S.C. Section 3142(f)(1)(A). Specifically, it is a crime of violence that carries a maximum sentence of 20 years incarceration and a mandatory minimum sentence of five (5) years incarceration.[1]

Where, as here, the defendant has been found guilty and is awaiting sentencing on such a crime, the judicial officer "shall order" that a person be detained pending sentencing pursuant to 18 U.S.C. Section 3143 *unless* "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or* (A)(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and* (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. Section 3143(a)(2) (emphasis added). Courts are somewhat split on whether 3145(c) also applies as a safety valve in this circumstance or is only applicable on appeal, and the United States Court of Appeal for the District of Columbia Circuit appears not to have opined on the issue. See United States v. Briggs, 577 F. Supp. 2d 435, 436 (D.D.C. 2008) (discussing lack of opinion from the D.C. Circuit); United States v. Chen, 257 F. Supp. 2d 656, 659 (S.D.N.Y. 2003) (compiling and discussing cases from multiple jurisdictions on the issue). However, assuming *arguendo* that

---

[1] [2] Section 18 U.S.C. 3156 defines a "crime of violence" to include a violation of Title 110, under which violations of 18 U.S.C. § 2252(a)(2) fall.

6

Section 3145(c) applies, it provides that a defendant subject to detention under Section 3142(a)(2) may nonetheless be released if the defendant a) shows by clear and convincing evidence that he is not a flight risk or a danger to any other person or the community ***and*** b) "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. Section 3145(c) (emphasis added).

## ANALYSIS

The defendant should continue to be detained pending sentencing. The Defendant meets the qualifications for mandatory detention under Section 3143(a)(2) and, even assuming *arguendo* that Section 3145(c) could apply, the defense cannot show by clear and convincing evidence that the Defendant does not present a danger.

First, the Defendant should be detained under Section 3143(a)(2). This Section is clear that where a defendant is pending sentencing on a offense such as this described in 18 U.S.C. Section 3142(f)(1)(A), detention is mandatory unless the defendant can both show by clear and convincing evidence that he is neither a flight risk nor danger AND either i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or* ii) attorney for the Government has recommended that no sentence of imprisonment be imposed on the person. Putting aside the issue of dangerousness and flight risk for a moment, the defendant clearly fails to meet either of the remaining requirements. Because the defendant has pled guilty, there is no substantial likelihood that a motion for acquittal or a new trial would be granted. And, because the offense of distribution of child pornography carries a mandatory minimum term of incarceration and the government has not moved for a downward departure, the government will not and cannot recommend that no sentence of imprisonment be imposed. Therefore, the defendant should be detained under Section 3143(a)(2).

Second, even if Section 3145(c) applies, the defense cannot show by clear and convincing evidence that the defendant does not present a danger to the community, as would be required under the statute.

The district court should consider the same statutory factors considered by the magistrate judge, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community, and the risk of flight, which would be posed by the defendant's release. 18 U.S.C. § 3142(g). The government outlined these factors in the detention hearing, as did Magistrate Judge Harvey in his Detention Memorandum ordering the Defendant held without bond (ECF No. 10). Respectfully, there has been no change in these factors to date. That is, in this case, even in light of the outbreak of COVID-19 in the Washington, D.C. area, defense counsel cannot still cannot establish a condition or combination of conditions that will reasonably assure the safety of the community if the defendant is released. This is all the more so now that the defendant has pled guilty.

The distribution of child pornography is violent offense, and not just by dint of Congress' definition. As many courts have recognized, "[It is an] undeniable fact that real children are actually being abused and violated when pornographic images are made. Without a market for such images, and without a strong appetite for more and more images exhibited by [defendant] and similarly situated defendants, there would be far fewer children who are injured and criminally assaulted in this way." United States v. Miller, 665 F.3d 114, 123 (5th Cir. 2011). This crime is about children who, at the moment they were photographed, are being treated at best as sexualized objects and at worst being horrifically and repeatedly sexually abused. The

4

abuse of child pornography victims does not end, however, when the physical contact or production of images or videos is over. The abuse and harm go on as long as those images and videos are viewed, traded, collected, and used by offenders for sexual gratification. Victims of child pornography must attempt to cope with the knowledge that the worst moments of their young lives are forever memorialized and available to child pornography consumers. Individuals—like the defendant—who receive, seek, view, keep, trade, distribute, and use child pornography for their own sexual gratification are part of the illicit market for child pornography, which continually re-victimizes the children in already-existing images and videos and promotes the victimization of even more children for new images and videos. This is even more so, in cases such as this, where files that the defendant trafficked graphically depicted sexual acts being performed by and on prepubescent children.

   The defendant has pled guilty and admitted to doing these things in a signed statement of offense, leaving no doubt about the weight of the evidence in this case.

   The fact that the defendant had no prior contact with the criminal justice system, while commendable, is not atypical in cases like these. As the Court is aware, defendants in child pornography cases commonly possess positive characteristics that allow them to remain undetected in society. Quite often, defendants in these cases appear to be like any other law-abiding citizen.  The danger they pose to children is often not readily apparent. The defendant fits this bill.  Despite appearances, his actions in this case demonstrate that he was engaged in undetected criminal activity for at least some period of time, and his actions were not a "one time aberration." For example, the child pornography he uploaded on Tumblr show distribution spanning more than a month from September-October 2018, and the search of his phone

indicated that he still at least possessed child pornography files more than six months later in May of 2019.

While the risk of COVID-19 is real, the defendant does not provide a meaningful nexus between the virus and the defendant himself. Nor does the defendant cite to any presumptive positive cases reported within these facilities operated by the D.C. Department of Corrections, and provides no evidence as to how his release into the community that is already affected by the virus will protect him any more than his current placement at the Department of Corrections.[2] Importantly, the Defendant also makes no argument regarding how COVID-19 allows him to overcome the mandatory language of 18 U.S.C. 3143 requiring his hold following his guilty plea to a violent offense with a five year mandatory minimum sentence, nor how it reduces his dangerousness to society (especially under the strong presumption in favor of detention post guilty plea in this case).

The government appreciates the gravity of this global pandemic and is committed to

---

[2] The undersigned understands based on consultations between the USAO and the DOC that at the time of this writing, the DOC has done the following to ensure the safety of its incarcerated population: (1) banned all non-attorney visits to limit unnecessary exposure; (2) implemented screening processes for all visitors and incoming inmates, including attorneys and staff; such screening includes assessing visitors and inmates for symptoms, sanitizing stations, etc.; (3) if incoming residents at a DOC facility fail the screening process, they are given a mask and taken to medical to determine if they require further hospitalization or testing; (4) DOC has implemented an incident command program, where each day, DOC units meet to discuss ongoing processes to combat the virus; (5) DOC sends out daily reminders to its staff about taking preventative, prophylactic measures to avoid infection, such as washing hands, using sanitizer, etc.; (6) DOC has constant meetings with the D.C. Department of Health to ensure its procedures meet both local and national standards, to include following updated recommendations of the Centers for Disease Control; (7) DOC has continued to engage with the USAO and the local Public Defender Service to ensure continuity of operations; (8) DOC checks and rechecks its ventilation system to ensure the air quality in the facilities; (9) DOC is tracking and ordering additional cleaning and sanitation kits, as well as protective gear; (10) DOC is working with MPD to limit the number of inmates coming into its facility at any given time.

ensuring the safety and health of inmates like the Defendant. However, because 18 U.S.C. Section 3143 mandates that the Defendant be held pending sentencing in this case, and because even assuming *arguendo* it did not, the defendant cannot show he is not a danger to the community by clear and convincing evidence, the Defendant's motion should be denied.

**WHEREFORE**, for the foregoing reasons and for any other such reasons as may appear to the Court, the government respectfully requests that the Court deny the defense motion for emergency release.

    Respectfully submitted,
    TIMOTHY J. SHEA
    United States Attorney
    D.C. Bar No. 437437


    By: ___/s/_____
    NICHOLAS MIRANDA
    Assistant United States Attorney
    D.C. Bar No. 995769
    555 4th Street, N.W.,
    Washington, D.C. 20530
    202-252-7011
    Nicholas.Miranda@usdoj.gov

Dated: **March 19, 2020**