**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA** :

                         :

       v.                      1:19-cr-356 (RDM)

                         :

**DAVID HARRIS**           :

### REPLY TO GOVERNMENT'S RESPONSE TO EMERGENCY MOTION FOR RELEASE FROM CUSTODY

DAVID HARRIS, by and through undersigned counsel, respectfully replies to the Government's Response to his Motion, ECF 28.

**Argument**

The government principally argues that this Court lacks the discretion to consider detention pending sentencing in this case. Because 18 U.S.C. § 3145 (c) applies and because the defense has demonstrated both that Mr. Harris does not present a danger or flight risk and that the historic worldwide pandemic presents exceptional circumstances, this Court should release Mr. Harris pending sentencing.

Acknowledging that the D.C. Circuit has not weighed in on this issue, the government relies singularly on a case from the Southern District of New York. See Government's Response, ECF 29 at 6. However, the majority of circuits have upheld a district court's review of its own detention decision under 18 U.S.C. § 3145 (c). *See e.g. United States v. Koon*¸ 6 F.3d 561, 562 (9th Cir. 1993) ("Congress has declared that all persons who are found guilty of crimes of violence must be detained—even though they individually pose no risk of flight or danger to the community and despite the fact that they may raise substantial issues on appeal—*unless* they

clearly show "exceptional reasons" why detention is not appropriate (emphasis added)).  The Eleventh Circuit has upheld the application of §3145 by the District Court for the same distribution charge at issue here.  *United States v. Meister*, 744 F.3d 1236 (11th Cir. 2013).

The Bail Reform Act, read as a whole, supports Mr. Harris' position.  The 9th Circuit explained: "Under the Mandatory Detention Act of 1990, however, violent offenders, as well as those convicted of drug offenses with a maximum sentence of at least ten years in prison and those convicted of any offense with a maximum sentence of life imprisonment or death, are not eligible for release simply because they meet these requirements. 18 U.S.C. § 3143(b)(2). As to such offenders, Congress has imposed an additional condition: Persons subject to the 1990 Act are not eligible for release unless "it is clearly shown that there are exceptional reasons why[their] detention would not be appropriate.'" 18 U.S.C. § 3145(c). *United States v. Garcia¸* 340 F.3d 1013 (9th Cir. 2003).

Similarly, *United States v. Carr* concluded that 18 U.S.C. § 3145 provides for release pending sentencing despite otherwise mandatory language within the Bail Reform Act:

> Section 3145(c) is confusing because it is entitled "appeal from a release or detention order." At the same time, the language of the sentence included in § 3145(c) is direct. It states that "the judicial officer" may order release if certain conditions are met and there are exceptional reasons why detention would be inappropriate. This sentence was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions. *See* Crime Control Act of 1990, P.L. No. 101-647, § 902, 104 Stat. 4826, 4827 (1990). Section 3143(a)(2) and (b)(2) use the term "judicial officer" when referring to the individuals initially ordering such mandatory detention.

*United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir. 1991).

The Seventh Circuit also rejected the government's argument in *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992).  There, the court agreed with the other circuits that §3145 (c) "was added to the Bail Reform Act along with the amendment providing for

2

mandatory detention in certain circumstances." The court thus concluded that §3145 (c) was "included as an avenue of relief from the mandatory detention provisions." *Id.* (citations omitted) ("The statute does not indicate that Congress intended that a person having "exceptional reasons" sufficient to override mandatory detention should be limited to a period of release only while an appeal of the detention issue is pending."); *see also United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992); *United States v. Mostrom¸*11 F.3d 93 (8th Cir. 1993).

The government meekly argues that exceptional reasons do not apply on this record and pivots to a §3142 analysis without support. The inordinately unique circumstances confronting the nation, the District and the Department of Corrections overwhelm the government's point. *Garcia* provides in-depth analysis into the meaning of the term and found that Congress provided little guidance. The court thus reasoned: "By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" *Garcia*, 340 F.3d at 1018. *Herrera-Soto* describes a situation apropos to current events: "that 'exceptional reasons' must present 'a unique combination of circumstances giving rise to situations that are out of the ordinary'" 961 F.2d at 647.

The government's arguments about dangerousness point primarily to the nature of the offense rather than anything individualized about Mr. Harris' specific case. *See generally Herrera-Soto,* 961 F.2d at 647 (noting "a case by case evaluation is essential" when considering release under §3153). Dr. Kraft, a highly-qualified expert in this precise field, has concluded otherwise after an extensive evaluation and a complete review of the documents in this case. It is noteworthy that Dr. Kraft's conclusions about Mr. Harris' lack of dangerousness are specific and unambiguous. His conclusion is also supported by Mr. Harris' complete lack of a criminal record over twenty-

eight years residing in a part of the District where negative influences are aplenty, his years as a skilled electrician and his strong relationships with his parents.

WHEREFORE, Mr. Harris respectfully requests that this Court grant his Emergency Motion for Release from Custody.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500