# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>    v.<br><br>DAVID HARRIS,<br><br>          *Defendant.* | Criminal Action No. 19-356 |

## **CONDITIONS OF RELEASE**

Defendant shall abide by the following conditions of release:

1. Harris shall be released to the custody and shall be confined to the home of his father, Mr. David Farmer, at ███████████████████████████████, with the exception of legal meetings, emergency medical visits or with the prior permission of his Pretrial Services Agency supervision officer.

2. Harris shall maintain his residence at the address above and may not change his residence without prior notification to, and approval of, the Court or the Pretrial Services Agency.

3. Harris shall report to 633 Indiana Avenue, NW, 9th Floor, in Washington, D.C. on the day he is released – or on the next business day after his release if he is released after 4:00 p.m. – for the installation of the ankle bracelet, and he must follow the instructions he receives there concerning orientation. He must report immediately after that to the Pretrial Services Agency for the United States District Court at 333 Constitution Avenue, NW, Office 2507 in Washington, D.C., and he must sign the orientation contract.

4. Harris shall follow all of the rules, regulations, and requirements of the Program listed in the orientation contract, which is incorporated herein by reference. He must maintain

2

reporting requirements as directed by the Pretrial Services Agency, abide by an electronically-monitored curfew, participate in all drug testing / drug program requirements, and abide by all other conditions imposed by the Court and as directed by Pretrial Services Agency. Any other violation of his program requirements will subject him, at a minimum, to administrative sanctions.

5. Harris shall be supervised by a type of electronic monitoring device to be determined by Pretrial Services Agency. He is required to properly maintain and charge the monitoring device each day. Any attempt to tamper with or mask the device's monitoring capability may result in removal from the program and/or additional criminal charges

6. Harris shall not access the internet or make use of any internet-capable device, this includes any smartphone, computer, laptop, or video game console or any other device which would enable Harris to contact or share data with any other individual.

7. Harris shall refrain from having any contact with minors under the age of 18.

8. Harris shall participate in mental health treatment as directed by Pretrial Services.

9. Harris shall not possess any firearm, destructive device or other dangerous weapon.

10. Mr. Farmer shall have in his residence only one computer and one smartphone.

11. Mr. Farmer shall keep the computer in a locked area and to otherwise ensure that Harris cannot independently access the computer. Photos of the lock on the door and the supplemental padlock that Mr. Farmer has installed for the door to Mr. Farmer's office is attached, Exhibit B.

12. Mr. Farmer shall place his smartphone in a locked and secured area that Harris cannot access or on his person unless the phone is in Mr. Farmer's actual possession.

13. Every four business days but at least once per week, Mr. Farmer shall submit to Harris's counsel a declaration, a copy of which is attached as Exhibit A.

14. Defense counsel shall inspect Mr. Farmer's residence to ensure that Mr. Farmer's computer is secured in the locked office and that Harris will have no access to the internet.

The Court is to be notified of any violations of this Order.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 27, 2020